UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                Plaintiff,

        v.

ARDIS WILSON,

              Defendant/Movant.

NO. CR-06-0061-LRS

ORDER DENYING 28 U.S.C. §2255 MOTIONS AND MOTION FOR APPOINTMENT OF COUNSEL

BEFORE THE COURT is Defendant/Movant Ardis Wilson's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Ct. Recs. 69, 73, filed on October 29, 2007 and December 13, 2007 respectively; and Defendant's Motion to Appoint Counsel, Ct. Rec. 78, filed on March 12, 2008.  The motions were not noted for a timely hearing as required by applicable rule. Nevertheless, the Court has reviewed a copy of the original presentence report, the judgment, and the instant motions and finds that the motions under advisement should be denied for the reasons that follow.

///

ORDER - 1

**Introduction**

Mr. Ardis Wilson was indicted on June 6, 2006 for Possession of Counterfeit Currency in violation of 18 U.S.C. §472.  Mr. Wilson pleaded guilty to Count One of the Indictment on June 21, 2007 with a written plea agreement.  On October 17, 2007, Mr. Wilson was sentenced to a 15-month term of imprisonment with three years supervised release; and a special assessment of $100.  Mr. Wilson contends that his sentence is unconstitutional based on two grounds:  incorrect calculation for credit for time spent in custody; and incorrect calculation of criminal history score in the presentence investigation report.  Ct. Recs. 69, 73.

The statute, 28 U.S.C. § 2255, provides that only if the motion, file, and records "conclusively show that the movant is entitled to no relief" may the Court summarily dismiss the motion without sending it to the United States Attorney for response.  28 U.S.C. § 2255.  The Rules regarding section 2255 proceedings similarly state that the Court may summarily order dismissal of a § 2255 motion without service upon the United States Attorney only "if it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court."  Rule 4(a), RULES-SECTION 2255 PROCEEDINGS.  Thus, when a movant fails to state a claim upon which relief can be granted or when the motion is incredible or patently frivolous, the district court may summarily dismiss the

ORDER - 2

motion.  *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States,* 772 F.2d 525, 526 (9th Cir. 1985).

## Motion for Appointment of Counsel

There is no absolute constitutional right to appointed counsel in a federal habeas corpus proceeding.  See *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Pursuant to 18 U.S.C. § 3006A(a)(2)(B), however, this Court may appoint counsel to represent an indigent habeas petitioner if it determines "that the interests of justice so require." See also 28 U.S.C. § 1915(e) (permitting appointment of counsel for indigent civil litigants proceeding in forma pauperis). The Court finds that the Movant has not made the necessary showing for appointment of counsel.  It is clear from reviewing his pleadings that he has no difficulty articulating his claims.

## Ground 1 -- Credit For Time Spent in Custody Calculation

The Movant, a federal prisoner, filed a 28 U.S.C. §2255 motion attacking his sentence, challenging the calculation of his credit for time served by the Bureau of Prisons (BOP) in Ground 1.

Requests for sentence credit, or for recalculation of the time yet to serve, may be reviewed by a habeas corpus action under 28 U.S.C.A. § 2241. *Romandine v. U.S.*, 206 F.3d 731 (7th Cir. 2000). A claim by a federal prisoner that the BOP failed to grant the

ORDER - 3

proper credit towards service of the sentence for time spent in custody in connection with the offense for which the sentence was imposed is an attack upon the execution of the sentence for which the proper remedy is in habeas corpus under 28 U.S.C.A. § 2241. *Mujahid v. Daniels*, 413 F.3d 991 (9th Cir. 2005), cert. denied,126 S. Ct. 2287, 164 L. Ed. 2d 817 (U.S. 2006).  Before a prisoner may seek relief in a habeas corpus proceeding, the prisoner must exhaust administrative remedies by seeking from the Bureau of Prisons the credit to which the prisoner is legally entitled. *Brown v. McFadden*, 416 F.3d 1271 (11th Cir. 2005).  A claim for credit against the sentence attacks the computation and execution of the sentence rather than the sentence itself, and review by way of habeas corpus must therefore be sought in the district of confinement rather than in the sentencing court.  *U.S. v. Miller*, 871 F.2d 488 (4th Cir. 1989).

When calculating "time served" on a federal sentence, Movant is not entitled to be credited for time served in state custody on a state conviction.  *Raines v. U.S. Parole Comm'n*, 829 F.2d 840, 843 (9th Cir.1987).  Under 18 U.S.C. § 3585, a federal prisoner is not entitled to time served on a state sentence.  Subsection (b)(2) provides for credit for time served "as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence."  In other words, the prisoner

ORDER - 4

would be entitled to credit for time served in state custody IF that time had not been credited to his or her state sentence. *U.S. v. Verner*, 958 F.2d 379 (9th Cir. 1992).

In *United States v. Wilson*, 503 U.S. 329, 334, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992), the Supreme Court held that § 3585(b) does not authorize a district court to compute credit for time served. Rather, the prerogative to grant credits in the first instance rests with the Attorney General,[1] acting through the Bureau of Prisons. *Id.* at 334-35, 112 S.Ct. 1351. Furthermore, under § 3585's statutory scheme, credits cannot be calculated until the defendant commences serving his sentence. *Id.* at 333, 112 S.Ct. 1351.

Although the Movant is dissatisfied with the BOP's calculations for time served, the BOP's guidelines take precedence and the Movant's sentence has been calculated in accordance with BOP policies interpreting and applying the applicable statutes. The Court finds no basis upon which to find the BOP's calculation to be incorrect according to Movant's, albeit complicated, time line.

///

---

[1]The Ninth Circuit Court of Appeals recognized the shared role of the sentencing judge and the Attorney General in the decision to award jail credit in *United States v. Chalker*, 915 F.2d, at 1258 (9th Cir.1992), which decision has been overruled by the United States Supreme Court.

ORDER - 5

## Ground 2 -- Criminal History Calculation

Movant argues that the presentence investigation calculation of his criminal history was in error. Specifically, he argues that 15 points were improperly assigned[2] based on driving offenses in which he was denied due process.

The Court has reviewed the presentence investigation report and finds that the Movant is correct with respect to paragraphs 83[3], 97[4] and 101[5], finding a total of 3 points are improper under U.S.S.G. 4A1.2(c)(1)(A) for the driving offenses described in those paragraphs. However, the sentence imposed does not change as the criminal history score is reduced to 24, which still falls within Criminal History Category VI. The advisory guideline range remains at 15-21 months. Movant was sentenced at the low end of this range or 15 months. The Court stands by its sentence on both grounds. Accordingly,

**IT IS HEREBY ORDERED**:

1. Defendant/Movant's §2255 motion, **Ct. Rec. 73**, is **DENIED**.

---

[2]Movant cites to paragraphs 83, 88, 97, 101, 106, 112, 118, 124, and 153 of the presentence investigation report in which he maintains criminal history points were assigned in error. Ct. Rec. 73 at 9.

[3]Date of arrest: November 23, 1995 for no valid driver's license.

[4]Date of arrest: December 5, 1996 for third degree driving while license suspended.

[5]Date of arrest: January 24, 1997 for third degree driving while license suspended.

ORDER - 6

Defendant/Movant's §2255 motion, **Ct. Rec. 69**, is **DENIED**.

2.  Defendant's Motion to Appoint Counsel, **Ct. Rec. 78**, filed on March 12, 2008 is **DENIED.**

**IT IS SO ORDERED.**  The District Court Executive is directed to file this Order and furnish copies to counsel and Defendant/Movant Ardis Wilson.

**DATED** this   20th   day of May, 2008.

*s/Lonny R. Suko*

_____
LONNY R. SUKO
United States District Judge

ORDER - 7