UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATS OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>ARDIS WILSON,<br><br>            Defendant/Movant. | No. CR-06-0061-LRS<br>No. CV-12-0139-LRS<br><br>ORDER DENYING 28 U.S.C. §2255 MOTION |

BEFORE THE COURT is Defendant/Movant Ardis Wilson's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 129 filed in No. CR-06-0061-LRS, and ECF No. 1 filed in No. CV-12-0139-LRS, on January 18, 2012. This court initially construed Defendant Wilson's motion to be a notice of appeal. On April 25, 2012, the Ninth Circuit Court of Appeals issued a Mandate granting Appellant Wilson's motion for voluntary dismissal of his appeal at the Ninth Circuit. The Ninth Circuit Order indicated Appellant Wilson informed the appellate court that he wished to proceed with his section 2255 motion at the district court (ECF Nos. 128, 130). The motion was not noted for hearing. The Court has reviewed the motion under advisement and finds it should be denied for the reasons that follow.

**BACKGROUND**

Mr. Ardis Wilson was indicted on June 6, 2006 for Possession of Counterfeit Currency in violation of 18 U.S.C. §472. Mr. Wilson pleaded guilty to Count One of the Indictment on June 21, 2007 with a

ORDER - 1

written plea agreement.  On October 17, 2007, Mr. Wilson was sentenced to a 15-month term of imprisonment with three years supervised release; and a special assessment of $100.  Mr. Wilson's supervised release commenced on August 8, 2008 and expired on August 21, 2011.  Mr. Wilson now argues that his supervised release should be vacated for lack of subject matter jurisdiction.  ECF. No. 129, at 13, filed in No. CR-06-0061-LRS.

**Ground 1 -- Court Lacked Subject Matter Jurisdiction**

The Movant filed a 28 U.S.C. §2255 motion attacking his 15-month sentence, challenging jurisdiction under 18 U.S.C. § 3583(i).[1]  ECF No. 129.  The Court disagrees and finds that this court had jurisdiction based on the following facts.

On August 5, 2010, an information was filed in Spokane County Superior Court, cause number 0-1-02415-9, alleging delivery of a controlled substance, crack cocaine (counts 1 and 2), and dispense/distribution of a controlled substance (count 3).  A warrant was issued August 23, 2010.  Mr. Wilson was arrested on the warrant August 26, 2010. On November 1, 2011, Mr. Wilson pled guilty in Spokane County Superior Court to the charge of delivery of a

---

[1] 18 U.S.C. 3583(i) reads:  (i) Delayed revocation.--The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

ORDER - 2

controlled substance (cocaine). Mr. Wilson was sentenced to a 20-month term of imprisonment with the Washington State Department of Corrections. The Eastern District of Washington did have jurisdiction over the Movant Ardis Wilson because he pled guilty to a crime committed during his supervised release in Spokane County. Accordingly,

**IT IS HEREBY ORDERED**: Defendant/Movant's §2255 motion, ECF No. 129 filed in No. CR-06-0061-LRS, and ECF No. 1 filed in No. CV-12-0139-LRS, on January 18, 2012, is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order, furnish copies to counsel and Defendant/Movant Ardis Wilson and **CLOSE FILES.**

**DATED** this  7th  day of May, 2012.

*s/Lonny R. Suko*

LONNY R. SUKO
United States District Judge